J-A17006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL HARRISON RUBIN | : | |
| | : | |
| Appellant | : | No. 189 EDA 2017 |

Appeal from the Judgment of Sentence March 3, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0005019-2016

BEFORE:   GANTMAN, P.J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 09, 2017**

Appellant, Michael Harrison Rubin, appeals *pro se* from the judgment of sentence entered in the Bucks County Court of Common Pleas, following his jury trial conviction for possession of a small amount of marijuana for personal use.[1]  For the following reasons, we remand with instructions, strike the case from the A17-17 argument list, and continue the matter to a later argument panel to be decided.

The relevant facts and procedural history of this case are as follows. As stated in the affidavit of probable cause, on May 19, 2016, at approximately 8:05 p.m., Officer Michael Rodgers was on duty and observed

_____

[1] 35 P.S. § 780-113(a)(31)(i).

_____

*Retired Senior Judge assigned to the Superior Court.

a red Nissan Altima parked on the grass near a field. The vehicle was unoccupied and registered to Appellant. Officer Rodgers approached the vehicle, looked inside the passenger side window, and observed what appeared to be a marijuana stem in the passenger side interior door grab. Officer Rodgers observed Appellant walking across the field toward him. Officer Rodgers asked Appellant what he was doing and where he had been. According to Officer Rodgers, Appellant appeared nervous and smelled of burnt marijuana. Appellant said he was driving down the road and stopped to take pictures of the sunset and countryside. Officer Rodgers said he detected an odor of marijuana on Appellant's person and observed what the officer believed was a marijuana stem in Appellant's vehicle. Officer Rodgers stated his intent to search the vehicle based on his observations. Officer Rodgers asked Appellant if there was any marijuana inside the vehicle. Appellant replied that if there was any marijuana, it would only be a small amount. Officer Rodgers arrested Appellant for possession of marijuana and conducted a search incident to arrest, which revealed several other small amounts of marijuana.

The Commonwealth charged Appellant with possession of a small amount of marijuana and possession of drug paraphernalia. On September 9, 2016, Appellant filed a *pro se* pre-trial motion for judgment of acquittal, claiming, *inter alia*, violation of Pa.R.Crim.P. 519(B)(2) (requiring prompt filing of criminal complaint). The court held a hearing on December 5, 2016,

after which the court denied relief. The court also denied relief on Appellant's suppression motion.[2] Appellant proceeded to a jury trial the next day. At the conclusion of trial, the jury convicted Appellant of possession of a small amount of marijuana for personal use;[3] the jury found Appellant not guilty of the remaining offense. The court deferred sentencing pending completion of another matter involving Appellant. Appellant filed a premature, *pro se* notice of appeal on January 4, 2017. The court sentenced Appellant on March 3, 2017, to pay costs of prosecution.[4] The court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

_____

[2] The certified record and docket entries show no written pre-trial suppression motion was filed. The record suggests Appellant made an oral suppression motion at the December 5, 2016 hearing.

[3] Appellant's offense was graded as a misdemeanor. **See** 35 P.S. § 780-113(g) (explaining any person who violates clause (31) of subsection (a) is guilty of misdemeanor and upon conviction, shall be sentenced to imprisonment not exceeding thirty days, or to pay fine not exceeding five hundred dollars, or both).

[4] As a general rule, this Court has jurisdiction only over final orders. **Commonwealth v. Rojas**, 874 A.2d 638 (Pa.Super. 2005). "A direct appeal in a criminal proceeding lies from the judgment of sentence." **Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). Here, Appellant filed a *pro se* notice of appeal prior to sentencing and was sentenced on March 3, 2017, while his appeal was pending. Thus, we will relate Appellant's premature notice of appeal forward to March 3, 2017, to resolve any jurisdictional impediments. **See id.**

As a preliminary matter, Pennsylvania Rule of Criminal Procedure 122 provides:

**Rule 122.  Appointment of Counsel**

(A)   Counsel shall be appointed:

\* \* \*

(2) in all court cases, prior to the preliminary hearing to all defendants who are without financial resources or who are otherwise unable to employ counsel;

(3) in all cases, by the court, on its own motion, when the interests of justice require it.

(B)   When counsel is appointed,

\* \* \*

(2) the appointment shall be effective until final judgment, including any proceedings upon direct appeal.

Pa.R.Crim.P. 122(A), (B).   Under paragraph (A)(3), the court has authority to appoint counsel regardless of eligibility, when the interests of justice require it.  Pa.R.Crim.P. 122, *Comment*; **Commonwealth v. Cannon**, 954 A.2d 1222 (Pa.Super. 2008), *appeal denied*, 600 Pa. 743, 964 A.2d 893 (2009) (explaining Rule 122 authorizes court to conduct case-by-case evaluations of individual defendants' circumstances to ascertain whether counsel should be appointed).

Instantly, the record lacks any foundation for Appellant's *pro se* status on appeal.  Appellant claims he has no money to order the pre-trial and jury trial transcripts in this case and insists he spent the last of his money

producing and filing his appellate brief. (**See** Appellant's Brief at 5). Appellant challenges the court's suppression ruling on appeal, which we are unable to review without the necessary transcripts. Given the significant rights at issue, the gaps in the certified record, and in the interests of justice, we decline to proceed with the *pro se* appeal at this juncture. The better resolution at this time is to continue the case from the A17-17 argument session scheduled to convene on June 27, 2017, in Philadelphia, and remand for further proceedings.

Upon remand, the trial court shall hold a hearing to determine Appellant's indigency status and if he is entitled to counsel on appeal under Pa.R.Crim.P. 122. If the court appoints counsel, counsel must order the relevant transcripts and file a Pa.R.A.P. 1925(b) concise statement of errors, within 30 days of receipt of the transcripts. The trial court shall subsequently file a supplemental Pa.R.A.P. 1925(a) opinion. If Appellant is entitled to counsel and elects to proceed *pro se* on appeal, the court must conduct a **Grazier**[5] hearing to ascertain whether his waiver of counsel is knowing, intelligent, and voluntary. If the trial court decides Appellant is not indigent or otherwise entitled to the appointment of counsel, it must direct Appellant to order the relevant transcripts in a timely manner or face waiver of his issues on appeal. The trial court shall have 60 days to advise this

---

[5] **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998).

Court of the outcome of the remand proceedings, after which the Prothonotary shall order a new briefing schedule, if appropriate, and list this case for the next available argument session in Philadelphia.

Case remanded with instructions. Case is stricken from the A17-17 argument list and continued to a later argument panel to be decided.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2017